UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW MCLAUGHLIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. 18-cv-00442-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 35 |

1. For the reasons stated on the record, UPS is entitled to summary judgment on McLaughlin's federal and state claims arising from his December 2016 termination. McLaughlin presented no evidence that he was fired for anything other than showing up to work intoxicated two months earlier; therefore, as a matter of law he didn't meet the definition of a person with a disability. *See* 42 U.S.C. § 12114; *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1186 (9th Cir. 2001); *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833 (9th Cir. 1995); *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 855-56 (5th Cir. 1999); *cf.* 2 C.C.R. § 11071(d)(A); *Lopez v. Pacific Maritime Ass'n.*, 657 F.3d 762, 764 (9th Cir. 2011); *Gosvener v. Coast Corp.*, 51 Cal. App. 4th 805, 813 (1996). In particular, a statement by a UPS employee expressing concern that McLaughlin would come to work intoxicated again is not evidence that he was fired for some different reason; it is precisely this concern that animates the applicable exclusion.

2. Also for the reasons discussed at the hearing, UPS is entitled to summary judgment on McLaughlin's claims that prior to his workplace misconduct, he was denied an accommodation because UPS did not affirmatively get him help.

3. UPS's motion for summary judgment on the remaining retaliation and wrongful

termination claims is granted because those claims are derivative of the aforementioned dismissed claims.

**IT IS SO ORDERED.**

Dated: March 12, 2019

VINCE CHHABRIA
United States District Judge